IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRECISION SEWER SERVICES, LLC : <br> Plaintiff, : <br> : <br> v. : <br> : <br> A TO U SERVICES, INC. : <br> : <br> JAMES CLEAVER : <br> President : <br> : <br> DIANE CLEAVER : <br> Secretary/Treasurer : <br> Defendants. : | CIVIL ACTION <br> No. |

COMPLAINT – ACTION FOR DAMAGES
FOR PROPERTY RIGHT INFRINGEMENT

Plaintiff, Precision Sewer Services, LLC (hereinafter "Plaintiff") by and through its counsel, Burns Law LLC, brings this Action by way of a Complaint against Defendant, A to U Services, Inc., Defendant, James Cleaver, and Defendant Diane Cleaver (hereinafter collectively "Defendants") and avers in support as follows:

INTRODUCTION

1. This matter arises under the United States Copyright Act of 1976 as amended, 17 U.S.C. §§ 101 et seq. (hereinafter "Copyright Act").

2. Through this Complaint, Plaintiff alleges each Defendant is liable for direct copyright infringement 17 U.S.C. §§ 106 and 501 and contributory copyright infringement.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1338 (copyrights, patents, trademarks and unfair competition) and 15 U.S.C. §§ 1114, 1116 and 1125(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because; 1.) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, 2.) Defendant is incorporated and maintains a principal place of business and /or resides (and therefore can be found) in this District as well as in the Commonwealth of Pennsylvania.

5. Venue is proper in this District pursuant to 28 U.S.C. §1400 (a) (venue for copyright cases) because Defendant is incorporated and maintains a principal place of business and /or resides (and therefore can be found) in this District as well as in the Commonwealth of Pennsylvania.

THE PARTIES

6. Plaintiff Precision Sewer Services, LLC is a Pennsylvania Limited Liability Company with its principal place of business at 1527 Huddell Avenue Linwood, Pennsylvania 19061. Precision Sewer Services, LLC is the owner of the registered mark "PRECISION" used on company letterhead, business cards, work vehicles, equipment and advertising material, which are at issue in this action.

7. Upon information and belief, Defendant A to U Services, Inc. is a Pennsylvania corporation with a registered office address at 317 B Madison Avenue Prospect Park, Pennsylvania 19076. (A copy of said corporate address per filing with the Commonwealth of Pennsylvania Department of State is attached hereinto as "Exhibit A"). Upon receipt of certified mail, signed by Diane Cleaver on December 13, 2012 and January 14, 2013, and by way of Defendant's letterhead, Defendant also has an address of 52 Ridgeway Avenue Glenolden, Pennsylvania 19036. (A copy of said receipt of certified mail is attached hereinto as "Exhibit B"). Defendant conducts business in Pennsylvania, including in this judicial district.

8. Upon information and belief, Defendant James Cleaver is an adult individual and President of A to U Services, Inc. with a registered business Post Office Box of PO Box 246 Glenolden, Pennsylvania 19036. Evidenced by Exhibit B, Defendant also has an address of 52 Ridgeway Avenue Glenolden, Pennsylvania 19036.

9. Upon information and belief, Defendant Diane Cleaver is an adult individual and Secretary and Treasurer of A to U Services, Inc. with a registered business Post Office

Box of PO Box 246 Glenolden, Pennsylvania 19036. Evidenced by Exhibit B, Defendant also has an address of 52 Ridgeway Avenue Glenolden, Pennsylvania 19036.

10. Upon information and belief, Defendant James Cleaver, as President of A to U Services, Inc., is the active, moving and conscious force behind the alleged infringing activities of A to U Services, Inc.

11. Upon information and belief, Defendant Diane Cleaver, as Secretary and Treasurer of A to U Services, Inc., is the active, moving and conscious force behind the alleged infringing activities of A to U Services, Inc.

## FACTS

12. Plaintiff is a limited liability company formed in October of 2011 and provides Sewer drain cleaning and rootering services to residential, commercial and municipal customers in the Philadelphia surrounding area.

13. A large customer base for Plaintiff exists in the County of Delaware, which is also Plaintiff's registered principal place of business at 1527 Huddell Avenue in Linwood.

14. Plaintiff is the owner of United States Trademark Registration No. 4,251,607 for the mark PRECISION for drain and sewer cleaning and rootering services, in International Class 37, United States Classes 100 103 and 1066, which was registered on the Principal Register on November 27, 2012 (A copy of said registration is attached hereinto as "Exhibit C").

15. Said registered mark of Plaintiff is valid and subsisting and is prima facie evidence of Plaintiff's exclusive right to use said mark in commerce on the goods specified in said registration.

16. Said registered mark has come to be associated in the marketplace, and in the trade, with services emanating from Plaintiff.

17. Plaintiff has used the mark PRECISION continuously in commerce in connection with drain and sewer cleaning and rootering services.

18. Plaintiff has used the mark PRECISION continuously in commerce in connection with drain and sewer cleaning and rootering services on its service vehicles, in its letterhead, on its business cards, in its advertising with the general public and on its website www.precisionsewerservices.com

19. Based on Plaintiff's advertising under the PRECISION trademark, its extensive sales and the wide popularity of its services, the PRECISION trademark has acquired a secondary meaning so that any sewer or drain service and advertisement bearing such trademark is immediately associated by customers and the public as being a product or service of Plaintiff.

### DEFENDANTS ACTIVITIES

20. Upon information and belief, Defendant, A to U Services, Inc., is a business stock corporation with one thousand (1,000) aggregate shares that provides excavating, board up and property maintenance services since its formation and registration in 1991 (A copy of Defendant's corporate filings and advertised qualifications is attached hereinto as "Exhibit D").
21. Upon information and belief, Defendants had as late as January 26, 2011 begun providing sewer services along with its excavating services under its incorporated name and without any logo affiliated with Plaintiff as evidenced by invoices to customers (A copy of said invoice with redacted customer information is attached hereinto as "Exhibit E").
22. Upon information and belief, Defendants at an unknown point in time became aware that Plaintiff, as a newly formed local sewer business, had begun to use a logo to identify itself in the industry and to customers as an exclusive drain, sewer and rootering service provider.
23. Upon information and belief, Defendants, upon learning of Plaintiff's sewer business and use of a logo, copied and began using a logo almost identical to that of Plaintiff's. (A copy of Plaintiff's logo and Defendant's copied logo are attached hereinto as "Exhibit F").
24. Defendants thereafter also began to advertise and hold themselves out to the public as a "Sewer Service" corporation by using the name "A to U Sewer Services, Inc.". (A photograph evidencing Defendants' advertising is attached hereinto as "Exhibit G").
25. As recently as April 17, 2013, the name "A to U Sewer Services, Inc." is available for registration and therefore not a registered corporation in the Commonwealth of Pennsylvania.  (A copy of the name availability of said corporation is attached hereinto as "Exhibit H").

26. Defendants are aware that they have not registered the name "A to U Sewer Services, Inc."
27. Defendants are aware that their public use of the name "A to U Sewer Services, Inc." is a fraudulent misrepresentation of a registered entity.
28. Defendants thereafter painted their work vehicles with the fraudulent name "A to U Sewer Services, Inc." and with the confusingly similar and logo of Plaintiff. (A photograph evidencing the work vehicles fraudulent name and use of Plaintiff's logo is attached hereinto as "Exhibit I").
29. After Defendants' use of Plaintiff's logo and fraudulent representation to the public of its corporate status under the name "A to U Sewer Services, Inc.", Plaintiff's began receiving calls from customers who were confused by the use of Plaintiff's logo with Defendants company name.
30. Upon receiving numerous calls from confused customers, Plaintiff, through their counsel, drafted and mailed to Defendants by way of certified mail, a letter with attached Agreement to Cease and Desist, explaining the issues caused to Plaintiff by way of Defendants use of Plaintiff's logo. (A copy of Plaintiff's letter with signature of acceptance is attached hereinto as "Exhibit J").
31. Upon failure of Defendants to return the signed Agreement to Cease and Desist, remove any of the trademarked logos from its vehicles, advertising material, letterhead, invoices, business cards, etc. or even correspond with counsel regarding the letter, coupled with calls and/or letters from more customers regarding confusion of business, Plaintiff, through their counsel, drafted and mailed a Cease and Desist Letter to Defendants demanding removal of all logos that were causing said confusion. (A copy of Plaintiff's Cease and Desist Letter with signature of acceptance is attached hereinto as "Exhibit K").
32. To date Defendants continue to use Plaintiff's Registered Trademark in connection with all aspects of their business.
33. The services that Defendants supply to customers are not Plaintiff's products or services and are not sponsored by or authorized by Plaintiff.
34. Defendant's unauthorized use of Plaintiff's registered mark in commerce and in connection with Defendants' services has caused consumers, the public and the trade to

believe that the services sold by Defendants emanate or originate from Plaintiffs, or that said items are authorized, sponsored, or approved by Plaintiffs, even though they are not.

35. Defendant's unauthorized use of Plaintiff's registered mark in commerce in connection with Defendants' services are false and/or misleading representation of facts in commercial advertising or promotion and misrepresents the nature, characteristics and qualities of Plaintiff's services.

36. Defendants are fraudulently representing to customers that the services Defendants supply are the same as Plaintiff's services.

37. Defendants are aware by example of Exhibit J and Exhibit K that their unauthorized use of Plaintiff's registered mark is indeed unauthorized, in violation of Plaintiff's trademark rights and is causing confusion and harm to Plaintiff's business.

38. Defendants refuse to replace Plaintiff's logo from Defendants' business use and are deliberately misleading the general public and consumers that Defendants' have the same nature, characteristics or qualities of Plaintiff's services.

39. Defendants have been unjustly enriched by illegally using and misappropriating Plaintiff's intellectual property for Defendants' own financial gain.

40. Defendants have unfairly benefited and profited from Plaintiffs' outstanding reputation for high quality services.

41. Defendants have disparaged Plaintiff, Plaintiff's trademark, and Plaintiff's services by creating a false association or connection with Plaintiff, Plaintiff's services and the Plaintiff's registered trademark.

42. Plaintiff has no control over the nature and quality of the services provided by Defendants bearing counterfeits and infringements of Plaintiff's trademark.

43. Among other things, Defendants' offers of sale, promotion and advertisement of their services have reflected adversely on Plaintiff as the believed source of origin thereof, and has hampered Plaintiff's continuing efforts to protect their outstanding reputations for high quality services, and has tarnished the goodwill and demand for the genuine Precision services, and upon information and belief, will continue to do so.

44. Plaintiff has suffered losses and damages from a reasonable expectation of economic benefit or advantage as a result of the Defendants' counterfeiting and from Defendants' conduct.

45. Defendants intentionally maliciously interfered with the reasonable expectation of economic benefit of Plaintiff in prospective gains Plaintiff would have made without Defendants' interference
46. Upon information and belief, Defendants have acted with reckless disregard for Plaintiffs' rights or was willfully blind in connection with Defendants' unlawful activities.
47. Upon information and belief, Defendants have willfully and maliciously engaged in its counterfeiting and infringing activities.
48. As a result of the foregoing, this case constitutes an exceptional case under *15 U.S.C. § 1117(a)* or a case of intentional counterfeiting under *15 U.S.C. § 1117(b)*.
49. Plaintiffs have suffered irreparable harm and damages as a result of the acts of Defendants in an amount thus far not determined.
50. The injuries and damages sustained by Plaintiff has been directly and proximately caused by the wrongful advertisement, promotion, distribution, sale and offers for sale of the counterfeit services provided by the Defendants, including such services bearing infringements or counterfeits of the Plaintiff's trademark.
51. Plaintiffs have no adequate remedy at law.
52. Defendants' wrongful acts will continue unless enjoined by the Court.
53. Defendants must be restrained and enjoined from any further counterfeiting or infringing of Plaintiff's registered mark.

## COUNT I
### FEDERAL TRADEMARK COUNTERFEITING, 15 U.S.C. § 1114

54. Paragraphs 1-53 are incorporated by reference as if fully set forth herein.
55. Defendants have used spurious designations that are identical with, or substantially indistinguishable from Plaintiff's registered trademark of services covered by Plaintiff's registration for the trademark.
56. Defendants have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

57. Defendants' use of Plaintiff's registered trademark to advertise, promote, offer for sale, distribute and sell sewer services was and is without the consent of Plaintiff.

58. Defendants' unauthorized use of Plaintiff's registered trademark on and in connection with advertisement, promotion, sale, offering for sale of sewer services constitutes use of Plaintiff's trademark in commerce.

59. Defendants' unauthorized use of Plaintiff's registered trademark as set forth above is likely to:

   a) cause confusion, mistake and deception;
   b) cause the public to believe that services provided by the Defendants are the same as services provided by Plaintiff or that Defendants are authorized to perform work on Plaintiff's behalf,
   c) cause the public to believe that the Defendants' unauthorized use of Plaintiff's trademark is sponsored or approved by Plaintiff or that Defendants are affiliated, connected or associated with or in some way related to Plaintiff; and
   d) result in Defendants unfairly benefiting from Plaintiff's advertising and promotion and profiting from the reputation of Plaintiff and its trademark all to the substantial and irreparable injury of the public and Plaintiff's trademark and the substantial goodwill represented thereby.

60. Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

61. Defendants' acts are both willful and malicious.

62. By reason of the foregoing, Defendants are liable to Plaintiffs for:

   a) statutory damages in the amount of up to two million dollars ($2,000,000.00) for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damage or Defendants' illicit profits; and
   b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

COUNT II

FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114

63. Paragraphs 1-62 are incorporated by reference as if fully set forth herein.
64. Defendants' activities constitute Defendants' use in commerce of Plaintiff's trademark in connection with the sale, offers of sale, distribution, promotion and advertisement of services bearing infringements or counterfeits of the Plaintiff's trademark.
65. Defendants have used Plaintiff's trademark, knowing it is the exclusive property of Plaintiff in connection with the sale, offers for sale, distribution, promotion and advertisement of its goods.
66. Defendants' activities create the false and misleading impression that Defendants are sanctioned, assigned or authorized by Plaintiff to use the Plaintiff's trademark to advertise, manufacture, distribute, appraise, offer for sale of Plaintiff's services when Defendants are not so authorized.
67. Defendants engage in the aforementioned activity with the intent to confuse and deceive the public into believing that Defendants' services as sewer specialists are in some way sponsored, affiliated or associated with Plaintiff and Plaintiff's expert services, when in fact they are not.
68. Defendants' use of Plaintiff's trademark has been without Plaintiff's consent of is likely to cause confusion, or to cause mistake in the minds of the public, or to deceive, and, in particular, tends to and does falsely create the impression that the counterfeit services that are advertised, promoted, distributed and sold are warranted, authorized, sponsored or approved by Plaintiff when, in fact, they are not.
69. Defendants' unauthorized use of the Plaintiff's trademark has resulted in Defendants unfairly benefiting from Plaintiff's advertising and promotion, and profiting from the reputation of Plaintiff and Plaintiff's trademark, to the substantial and irreparable injury of the public, Plaintiff and the Plaintiff trademark and the substantial goodwill represented thereby.
70. Defendants' acts constitute willful trademark infringement in violation of Section of the Lanham Act, 15 U.S.C. § 1114.
71. By reason of the foregoing, Defendants are liable to Plaintiffs for:
    a) an amount representing three (3) times Plaintiff's damage or Defendants' illicit profits; and

b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT III

## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

72. Paragraphs 1-71 are incorporated by reference as if fully set forth herein.
73. In connection with the advertisement, promotion, distribution, sales and offers of sales of services, Defendants have used in commerce, and continue to use in commerce, the Plaintiff's trademark.
74. In connection with the advertisement, promotion, distribution, sales and offers of sales of services, Defendants have affixed, applied and/or used false designations of origin and false and misleading descriptions and representations, including Plaintiff's trademark, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiff of such services, and which tend falsely to misrepresent the nature, characteristics, and qualities of Plaintiff's product.
75. Defendants have used Plaintiff's trademark with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiffs.
76. Defendants' use of Plaintiff's trademark in connection with sewer, drain and rootering services constitutes false descriptions and representations tending falsely to describe or represent Plaintiff and Plaintiff's services, as being authorized, sponsored, affiliated or associated with Defendants.
77. Defendants have used Plaintiff's trademark on or in connection with the goods with the express intent to cause confusion or to cause mistake, or to deceive and mislead the public, to conduct business upon the reputation of Plaintiff, and to improperly appropriate to itself the valuable trademark rights of Plaintiff.
78. Defendants' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent Plaintiff and Plaintiff's services as those of Defendants in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).
79. By reason of the foregoing, Defendants are liable to Plaintiffs for:

> a.) an amount representing three (3) times Plaintiffs' damages or Defendants; and Defendants' illicit profits; and
>
> b.) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT IV

### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

80. Paragraphs 1-79 are incorporated by reference as if fully set forth herein.
81. In connection with the advertisement, promotion, distribution, sales and offers of sales of services, Defendants have used in commerce, and continue to use in commerce, the Plaintiff's trademark.
82. In connection with the advertisement, promotion, distribution, sales and offers of sales of goods, Defendants have affixed, applied and/or used false designations of origin and false and misleading descriptions and representations, including Plaintiff's trademark, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiff of such services, and which tend falsely to misrepresent the nature, characteristics, and qualities of Plaintiff's product.
83. Defendants have used the Plaintiff's trademark with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiffs.
84. Defendants' use of the Plaintiff's trademark in connection with the sewer, drain and rootering services creates false descriptions and representations tending falsely to describe or represent Plaintiff and Plaintiff's services, as being authorized, sponsored, affiliated or associated with Plaintiff.
85. Defendants have used Plaintiff's trademark on or in connection with services with the express intent to cause confusion or to cause mistake, or to deceive and mislead the public, to trade upon the reputation of Plaintiff, and to improperly appropriate to itself the valuable trademark rights of Plaintiff.
86. Defendants' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe

or represent Plaintiff's services as those of Defendants in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87. By reason of the foregoing, Defendants are liable to Plaintiffs for:

   a) an amount representing three (3) times Plaintiffs' damages or Defendants; and Defendants' illicit profits; and

   b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT V

## UNFAIR COMPETITION UNDER PENNSYLVANIA COMMON LAW

88. Paragraphs 1-87 are incorporated by reference as if fully set forth herein.
89. Defendants' actions as alleged above were done deliberately and intentionally.
90. Defendants' actions as alleged above created the likelihood of confusion and actual confusion by misleading the public as to the source, sponsorship, association or affiliation of services provided by the defendants, in violation of the common law of unfair competition.
91. Defendants' actions as alleged above constitute misappropriation of the goodwill of Plaintiff and unfair competition, in violation of the common law of unfair competition.
92. Defendants' actions as alleged above were committed with the intention of passing off or palming off its services as if such services were those of Plaintiff, with the intent to deceive and defraud the public, in violation of the common law of unfair competition.
93. Defendants' actions as alleged herein have caused and will continue to cause irreparable damage and injury to Plaintiff if not enjoined by this Court.
94. Plaintiff has no adequate remedy at law.

## COUNT VI

## PIERCING THE CORPORATE VEIL

95. Paragraphs 1-94 are incorporated by reference as if fully set forth herein.
96. Defendants James Cleaver, Diane Cleaver and A to U Services, Inc. share identity of ownership.

97. Defendants James Cleaver, Diane Cleaver and A to U Services, Inc. operate under unified administrative control.

98. Defendants James Cleaver, Diane Cleaver and A to U Services, Inc. share the same address of 52 Ridgeway Avenue Glenolden, Pennsylvania 19036, the primary residence and family home of Defendants Cleavers.

99. Defendants James Cleaver, Diane Cleaver and A to U Services, Inc. have similar supplementary business functions.

100. Defendants James Cleaver and Diane Cleaver are the individual or corporate owners that control the entity to be pierced.

101. Defendants James Cleaver, Diane Cleaver and A to U Services, Inc. operate without due regard for corporate formalities.

102. Upon information and belief, Defendants James Cleaver and Diane Cleaver operate and use A to U Services, Inc. as an alter ego.

103. Upon information and belief, Defendants James Cleaver and Diane Cleaver operates and uses A to U Sewer Services, Inc. as an alter ego, with knowledge that they do not have permission as shareholders to operate and use as such.

104. Upon information and belief, Defendants James Cleaver and Diane Cleaver operates and uses A to U Sewer Services, Inc. as an alter ego, with knowledge the company A to U Sewer Services, Inc. is a non-existing corporation in the Commonwealth of Pennsylvania.

105. Upon information and belief, Defendants James Cleaver and Diane Cleaver operate and use A to U Services, Inc. as a tax shelter.

106. Upon information and belief, Defendant A to U Services, Inc. has not adopted Corporate Bylaws.

107. Upon information and belief, Defendant A to U Services, Inc. has failed to hold an annual meeting or record any minutes throughout its existence.

108. Upon information and belief, Defendant A to U Services, Inc. has mixed business funds with Defendants James Cleaver and Diane Cleaver's personal funds.

109. Upon information and belief, Defendants' bank accounts have been used to pay for personal bills and matters for Defendants James Cleaver and Diane Cleaver.

110. Defendant A to U Services, Inc. maintains and provides finances for work vehicles not titled in the company's name.

111. Defendant James Cleaver has personally signed contracts, agreements and documents and not on behalf of Defendant A to U Services, Inc. for business matters.

112. Defendant James Cleaver has personally signed contracts, agreements and documents as A to U Sewer Services, Inc., a non-registered Pennsylvania corporation, for business matters.

113. Defendant James Cleaver has personally entered into business deals with minority business to secure preferred job status.

114. The Defendants are not only successors and assigns of each other, but are all the same entity and had been used interchangeably to unjustly enrich the Defendants at the expense of Plaintiff.

115. Defendants fail adhere to standard business practice and formality.

116. Defendants failed to properly execute a written contract pursuant to Pennsylvania contract requirements with any of its customers.

117. It is clear that Defendants have failed to adhere to corporate formalities.

118. It is clear that Defendants are undercapitalized.

119. It is clear that Defendants have substantially intermingled company and personal affairs.

120. It is clear that Defendants have used the corporate form to perpetrate a fraud against its customers and against Plaintiff.

121. Defendants are jointly and severally liable for the debts of each other.

122. As a single entity, Defendants James Cleaver and Diane Cleaver cannot claim protection under the corporate umbrella and any veil alleged by Defendants shall be pierced by Plaintiff for an award of damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court order the following relief:

I. That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

  a) using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's trademark to identify any goods or the rendering of any services not authorized by Plaintiff;

  b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiff's business reputation or weaken the distinctive quality of Plaintiff's trademark;

  c) using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized services as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such services in commerce;

  d) further infringing Plaintiff's trademark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any services not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the PRECISION trademark;

  e) using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademark in connection with the promotion, advertisement, display, sale, offering for sale of any unauthorized services in such fashion as to relate or connect, or tend to relate or connect, such services in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

  f) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services or offered for sale, by Defendants are in any way associated or connected with Plaintiff, or is sold, sponsored, approved or authorized by Plaintiff;

    g) engaging in any conduct constituting an infringement of Plaintiff's trademark, of Plaintiff's rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiff's name, reputation or goodwill;

    h) using or continuing to use the Plaintiff's trademark or trade names or any variation thereof on the Internet (either in the text of a websites, as a domain name, or as a key word, search word, metadata tag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any services not directly authorized by Plaintiff;

    i) hosting or acting as Internet Service Provider for, or operating any websites, that offer for sale any services bearing counterfeits of the Plaintiff's trademark;

    j) having any connection whatsoever with any websites that offer for sale any services involving Plaintiff's trademark;

    k) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (j).

II. Directing that Defendants, within ten (10) days of Judgment, take all steps necessary to remove from all vehicles, equipment, invoices, letterhead, business cards, advertisement material, uniforms and/or clothing, and any material or product they own or control, including and all text or other media offering for sale any merchandise bearing counterfeits of Plaintiff's registered trademark.

III. Directing that Defendants, within thirty (30) days of Judgment, file and serve Plaintiff with a sworn statement setting forth in detail the manner in which Defendants have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV. Directing that Defendants deliver up for destruction to Plaintiff all unauthorized products and advertisements in their possession or under their control bearing any of the Plaintiff's trademark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

V. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants or any services offered by Defendants are authorized by Plaintiff or related in any way to Plaintiff's products including compensating Plaintiff for corrective advertising expenses.

VI. Requiring Defendants pay to Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' willful infringement of Plaintiff's trademark and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of infringing services and that the award to Plaintiffs be trebled as provided under 15 U.S.C § 1117(b). Alternatively, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to two million dollars ($2,000,000.00) for each and every trademark that Defendants have willfully counterfeited and infringed.

VII. Ordering that Plaintiff recover the costs of this action, together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

VIII. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

IX. Awarding to Plaintiffs such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiffs have incurred in connection with this action.

Respectfully Submitted

BURNS LAW, LLC

                                                                           <u>/s/: Michael A. Burns, Esq.</u>  
                                                                           Michael A. Burns, Esq.  
                                                                           BURNS LAW LLC  
                                                                           604 W Ashland Ave  
                                                                           Glenolden, PA 19036  
                                                                           610.586.1828  
                                                                           legal@burnslaw.org  
                                                                           Attorney for Plaintiff,  
                                                                           Precision Sewer Services, LLC

Dated:  April 17, 2013